**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2016-0220, <u>John Cucchi v. Town of Harrisville</u>, the court on September 29, 2016, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiff, John Cucchi (landowner), appeals an order of the Superior Court (<u>Kissinger</u>, J.) affirming a decision of the zoning board of adjustment (ZBA) for the defendant, the Town of Harrisville, denying his application for a variance. <u>See</u> RSA 674:33 (Supp. 2015). We construe the landowner's brief to argue that the trial court erred because: (1) the ZBA did not provide a written notice of its decision separate from its minutes, <u>see</u> RSA 676:3 (Supp. 2015); (2) the minutes were in draft form until after the deadline for filing a motion for rehearing, <u>see</u> RSA 677:4 (Supp. 2015) (allowing petitioner to amend motion for rehearing when ZBA minutes not timely filed); (3) the minutes were unsigned; (4) the ZBA hearing on his motion for rehearing was held 35 days after his motion was filed, <u>see</u> RSA 677:3, II (2008); (5) the minutes, which reflected that the ZBA discussed and voted individually on each variance criterion, did not specify the reasons for denial; and (6) the evidence was not sufficient to support the denial of the variance, <u>see</u> RSA 677:6 (2008) (stating applicant has burden of establishing ZBA decision unlawful or unreasonable). We note that the landowner does not dispute the need for the rehearings that the ZBA held prior to denying his variance application.

It is a long-standing rule that parties may not have judicial review of issues they did not raise in the trial court. <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004). It is the appealing party's burden on appeal to provide a record that is sufficient to decide the issues he is raising and to demonstrate that he raised those issues in the trial court. <u>Id.</u>; <u>see</u> <u>Sup. Ct. R.</u> 13(3), 15(3) (if appealing party intends to argue that a ruling is unsupported by or contrary to the evidence, the party shall include a transcript of all evidence relevant to such ruling). Absent a transcript, we assume the evidence was sufficient to support the result reached by the trial court, <u>Bean</u>, 151 N.H. at 250, and review its order for errors of law only, <u>see</u> <u>Atwood v. Owens</u>, 142 N.H. 396, 397 (1997). These rules are not relaxed for self-represented parties. <u>See</u> <u>In the Matter of Birmingham & Birmingham</u>, 154 N.H. 51, 56-57 (2006).

In this case, the landowner has not provided his pleadings in the superior court, the transcript of the hearing held there, or his motion for reconsideration. However, the superior court addressed the sufficiency of the evidence supporting

the ZBA's denial of the variance in its order.  Accordingly, we conclude that the landowner has preserved only his challenge to the sufficiency of the evidence supporting the denial of his variance application.

Judicial review in zoning cases is limited.  Town of Bartlett Bd. of Selectmen v. Town of Bartlett Zoning Bd. of Adjustment, 164 N.H. 757, 760 (2013).  Factual findings by the ZBA are deemed prima facie lawful and reasonable, and the superior court will not set aside the ZBA's decision absent errors of law unless it is persuaded by the balance of probabilities, on the evidence before it, that the ZBA decision is unlawful or unreasonable.  Id.; RSA 677:6.  We will uphold the superior court's decision unless the evidence does not support it or it is legally erroneous.  Town of Bartlett, 164 N.H. at 760.

As the appealing party, the landowner has the burden of demonstrating reversible error.  Gallo v. Traina, 166 N.H. 737, 740 (2014).  Based upon our review of the trial court's order, the landowner's argument challenging the sufficiency of the evidence to support the denial of his application, and the record submitted on appeal, we conclude that the landowner has not demonstrated reversible error.  See id.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, and Lynn, JJ., concurred.

**Eileen Fox,
Clerk**

2